1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TYRELL AINSWORTH,                          No.  2:24-cv-1347 CSK P

12                  Plaintiff,

13          v.                                    ORDER

14    R. HUNTER,

15                  Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21    Accordingly, the request to proceed in forma pauperis is granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

28    payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2   § 1915(b)(2).

3        The court is required to screen complaints brought by prisoners seeking relief against a

4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5   court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

8        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

15  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

16  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

17  1227.

18       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

19  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

23  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

24  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

25  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

26  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

27  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

28  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2

true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the

pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236

(1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

Named as defendant is physical therapist R. Hunter.  (ECF No. 1 at 2.)  Plaintiff alleges

that on July 14, 2022, while conducting a medication pass, defendant Hunter looked in plaintiff's

cell and asked plaintiff, "where are your hands at?"  (<u>Id.</u> at 3.)  By making this comment,

defendant Hunter suggested that plaintiff was masturbating.  (<u>Id.</u>)  The next day, defendant

Hunter overheard plaintiff say to inmate Jackson that plaintiff should write defendant Hunter up

for voyeurism.  (<u>Id.</u>)  Plaintiff alleges that in retaliation for plaintiff making this comment,

defendant Hunter wrote a rules violation report charging plaintiff with threatening to knock out

defendant Hunter.  (<u>Id.</u>)  Plaintiff alleges that he was found not guilty of the rules violation after

the escorting officer stated that he did not hear plaintiff make any threatening statement.  (<u>Id.</u>)

To state a claim for First Amendment retaliation, a plaintiff must allege five elements:

"'(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of

(3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

goal.'"  <u>Chavez v. Robinson</u>, 12 F.4th 978, 1001 (9th Cir. 2021) (quoting <u>Rhodes v. Robinson</u>,

408 F.3d 559, 567-68 (9th Cir. 2005)).

The "use of foul language towards prison staff is not protected conduct."  <u>Mitchell v.</u>

<u>Hernandez</u>, 2008 WL 2489210, at *3 (E.D. Cal. June 17, 2008).  A number of district courts have

found that verbal challenges to prison officials that are argumentative, confrontational, and

disrespectful are not protected by the First Amendment.  <u>Jackson v. Austin</u>, 2014 WL 4656201, at

*3 (E.D. Cal. Sept. 16, 2014) (citing <u>Johnson v. Carroll</u>, 2012 WL 2069561, at *33-34 (E.D. Cal.

June 7, 2012) (citing cases)).  Verbal sexual harassment of prison staff by inmates is not protected

speech under the First Amendment.  <u>McClain v. Hoover</u>, 2023 WL 4662901, at *6-9 (M.D. Pa.

Jan. 26, 2023), report and recommendation adopted, 2023 WL 4631657 (M.D. Pa. July 19, 2023).

Plaintiff's retaliation claim is dismissed with leave to amend because this Court cannot

determine whether plaintiff engaged in protected speech.  While plaintiff alleges that defendant

1    Hunter overheard his comment to inmate Jackson, plaintiff does not describe where defendant

2    Hunter was when plaintiff made the comment.  Plaintiff also does not address whether plaintiff

3    knew that defendant Hunter was in earshot when he made the comment.  In addition, it seems

4    likely that plaintiff made additional comments to inmate Jackson regarding the previous incident

5    with defendant Hunter in order to put his comment, "I should write her up for voyeurism," in

6    context.  Accordingly, plaintiff's retaliation claim is dismissed with leave to amend.  If plaintiff

7    files an amended complaint, he shall address these matters.

8         Plaintiff also raises an Eighth Amendment claim against defendant Hunter.  (ECF No. 1 at

9    4.)  Plaintiff appears to claim that defendant Hunter knew that it was likely that plaintiff would be

10   placed back in administrative segregation ("ad seg") as a result of the false rules violation report.

11   (Id.)  Plaintiff alleges that in ad seg, inmates are deprived of basic necessities and privileges.  (Id.)

12   This Court finds that these allegations do not state a separate Eighth Amendment claim against

13   defendant Hunter because plaintiff fails to allege that defendant Hunter is responsible for the

14   conditions in ad seg.  Should plaintiff prevail on a retaliation claim against defendant Hunter, the

15   conditions of ad seg may be relevant to plaintiff's claim for damages.

16        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

17   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g.,

18   West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

19   each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

20   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

21   defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

22   F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

23   participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

24   268 (9th Cir. 1982).

25        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

26   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

27   complaint be complete in itself without reference to any prior pleading.  This requirement exists

28   because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

4

v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 3) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  May 29, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Ainsworth1347.14
2

1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   TYRELL AINSWORTH,                        No. 2:24-cv-1347 CSK P

              Plaintiff,
11
         v.                                   NOTICE OF AMENDMENT
12
13   R. HUNTER,

              Defendant.
14

15       Plaintiff submits the following document in compliance with the court's order

16   filed on _____ (date).

17

18                         ☐      Amended Complaint

19                         (Check this box if submitting an Amended Complaint)

20

21

22   DATED: _____      _____
                                      Plaintiff
23

24

25

26

27

28

                                      6