UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRELL AINSWORTH, | No. 2:24-cv-1347 DAD CSK P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| R. HUNTER, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On May 29, 2024, this Court dismissed plaintiff's complaint with leave to amend.  (ECF No. 8.)  Pending before the court is plaintiff's amended complaint.  (ECF No. 11.)  For the reasons stated herein, this Court recommends that this action be dismissed.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Claims in Amended Complaint

Named as defendant is physical therapist R. Hunter.  (ECF No. 11 at 2.)  Plaintiff alleges that on July 13, 2022, defendant Hunter passed out medication on the top tier where plaintiff was housed.  (Id.)  While defendant Hunter passed out medication to the inmate in the cell next to plaintiff's cell, plaintiff asked defendant Hunter a question.  (Id.)  Defendant Hunter responded by asking plaintiff what was in his hands.  (Id.)  Plaintiff immediately showed defendant Hunter that

2

plaintiff had a bowl in his hands. (Id.) By asking plaintiff what was in his hands, defendant suggested that plaintiff was being inappropriate and masturbating. (Id.)

On July 14, 2022, defendant Hunter passed out medication on the bottom tier. (Id.) At that time, plaintiff spoke with inmate Jackson. (Id.) Plaintiff heard defendant Hunter tell a Black prisoner on the bottom tier that he was "weird" and "hella disrespectful." (Id. at 3.) Plaintiff alleges that defendant Hunter is racist toward African American inmates and is known to write African American inmates up for indecent exposure. (Id.) Plaintiff said, apparently to inmate Jackson, "he should write her up for voyeurism." (Id.) In this statement, plaintiff appeared to suggest that the Black inmate to whom defendant Hunter spoke on the bottom tier should write defendant Hunter up for voyeurism. Plaintiff knew that defendant Hunter was directly within earshot when he made this statement. (Id.)

Plaintiff alleges that defendant Hunter later wrote two false rules violation reports against plaintiff in retaliation for plaintiff's comment, "he should write her up for voyeurism." (Id.) Plaintiff was later found not guilty of the rules violation report charging him with making threats against defendant Hunter.[1] (Id. at 4.)

Discussion

To state a claim for First Amendment retaliation, a plaintiff must allege five elements: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Chavez v. Robinson, 12 F.4th 978, 1001 (9th Cir. 2021) (quoting Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)).

The "use of foul language towards prison staff is not protected conduct." Mitchell v. Hernandez, 2008 WL 2489210, at *3 (E.D. Cal. June 17, 2008). A number of district courts have

---

[1] Attached to the amended complaint as an exhibit is a copy of a Rules Violation Report prepared by defendant Hunter on July 14, 2022 charging plaintiff with threatening great bodily injury or death. (ECF No. 11 at 30.) In the Rules Violation Report, defendant Hunter states that on July 14, 2022, plaintiff threatened to knock defendant Hunter out. (Id.) Plaintiff was found not guilty of the Rules Violation Report based, in part, on the statement of Correctional Officer Rios that he did not hear plaintiff make any kind of threat toward defendant. (Id. at 43.)

found that verbal challenges to prison officials that are argumentative, confrontational, and disrespectful are not protected by the First Amendment. Jackson v. Austin, 2014 WL 4656201, at *3 (E.D. Cal. Sept. 16, 2014) (citing Johnson v. Carroll, 2012 WL 2069561, at *33-34 (E.D. Cal. June 7, 2012) (citing cases)). Verbal sexual harassment of prison staff by inmates is not protected speech under the First Amendment. McClain v. Hoover, 2023 WL 4662901, at *6-9 (M.D. Pa. Jan. 26, 2023), report and recommendation adopted, 2023 WL 4631657 (M.D. Pa. July 19, 2023).

This Court finds that plaintiff's statement, "he should write her up for voyeurism," was not protected speech. Although defendant Hunter was on a different tier from plaintiff when plaintiff made this statement, plaintiff alleges that he knew that defendant Hunter was within earshot when he made this statement. In addition, while plaintiff's statement was not made directly to Hunter, plaintiff's statement clearly referred to defendant Hunter. Plaintiff's statement was not protected speech because it was confrontational and disrespectful. See Jackson, 2014 WL 4656201, at *3; Kervin v. Barnes, 787 F.3d 833, 835 (7th Cir. 2015) ("backtalk by prison inmates to guards, like other speech that violates prison discipline, is not constitutionally protected"); Smith v. Mosley, 532 F.3d 1270, 1277 (11th Cir. 2008) (insubordinate remarks that are "inconsistent with the inmate's status as a prisoner or with the legitimate penological objectives of the corrections system" are not protected). Accordingly, this Court finds that plaintiff does not state a potentially colorable retaliation claim because he does not demonstrate that he engaged in protected conduct.

Because it is clear that plaintiff cannot cure the pleading defects discussed above, this Court recommends dismissal of this action. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1998) (per curiam)).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 14, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Ains1347.56
2