UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRELL AINSWORTH,<br><br>            Plaintiff,<br><br>    v.<br><br>HUNTER,<br><br>            Defendant. | No.  2:24-cv-1347 DAD CSK P<br><br>FINDINGS AND RECOMMENDATIONS |

I.      Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for injunctive relief filed June 26, 2024.  (ECF No. 14.)  For the reasons stated herein, this Court recommends that plaintiff's motion for injunctive relief be denied.

II.     Legal Standard

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam)).  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."  Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981).

///

1

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter, 555 U.S. at 20.  A plaintiff must "make a showing on all four prongs" of the Winter test to obtain a preliminary injunction. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

The injunctive relief an applicant requests must relate to the claims brought in the complaint.  See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief.  Id.; see also Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020) (the court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it.").

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials.  In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016).  As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

///

///

III.     Background

This action proceeds on plaintiff's amended complaint filed on June 10, 2024. (ECF No. 11.) The only named defendant is California State Prison-Sacramento ("CSP-Sac") physical therapist Hunter. (Id. at 2.) Plaintiff alleges that on July 14, 2022, defendant Hunter retaliated against plaintiff for making a comment about defendant Hunter by filing a false rules violation report against plaintiff. (Id. at 2-3.) On June 14, 2024, this Court recommended that this action be dismissed on the grounds that plaintiff failed to state a potentially colorable retaliation claim because plaintiff did not engage in protected speech. (ECF No. 12.)

IV.     Motion for Injunctive Relief

Plaintiff is now incarcerated at Kern Valley State Prison. (ECF No. 14 at 1.) In the pending motion, plaintiff alleges that the California Department of Corrections ("CDCR") continues to provoke, attack and harass plaintiff. (Id.) Plaintiff alleges that prison staff keep moving plaintiff to block plaintiff's programming. (Id.) Plaintiff alleges that upon his arrival at Kern Valley State Prison on June 18, 2024, he was put in ASU-1. (Id.) Plaintiff alleges that prison staff were aggressive and told plaintiff that he could not wear his personal shoes. (Id.) After plaintiff became agitated, Lieutenant Rodriguez told plaintiff that plaintiff was going to ASU-2. (Id.) Plaintiff alleges that suddenly his cell was "red-lined 'broken.'" (Id.) Plaintiff alleges that the Lieutenant told plaintiff, "You like to do lawsuits. I don't care. I've been to federal court." (Id.) Plaintiff alleges that an unknown correctional officer stole some of plaintiff's property. (Id.) Plaintiff alleges that he is under attack and in imminent danger. (Id.)

As relief, plaintiff requests that the Court order CDCR Director Macomber to instruct wardens to stop approving in-cell audio/video surveillance. (Id. at 3.) Plaintiff alleges that prison staff use in-cell audio/video surveillance to harass plaintiff. (Id.) Plaintiff also requests that the Court order prison officials to stop harassing plaintiff, and transfer plaintiff to California State Prison-Lancaster, the Richard J. Donovan Correctional Facility, or the California Health Care Facility. (Id.) Plaintiff also requests the names of the officers investigating plaintiff. (Id.)

Plaintiff's motion seeks injunctive relief against CDCR Director Macomber and prison officials at Kern Valley State Prison, who are not defendants in this action. The only defendant in

this action is defendant Hunter, a physical therapist at CSP-Sac.  The Court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith v. Radio Corp. v. Hazeltine Research, 395 U.S. 100, 112 (1969).  For this reason, plaintiff's motion for injunctive relief should be denied.

In addition, the claims raised and relief sought in the pending motion are unrelated to the claims raised in the amended complaint against defendant Hunter.  For this additional reason, plaintiff's motion for injunctive relief should be denied.  See Queen's Med. Ctr., 810 F.3d at 636.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 14) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 1, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Ains1347.inj

2