UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRELL AINSWORTH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>HUNTER,<br><br>　　　　　　Defendant. | No. 2:24-cv-1347 DAD CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I.     Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second motion for injunctive relief filed July 8, 2024. (ECF No. 17.) For the reasons stated herein, this Court recommends that plaintiff's second motion for injunctive relief be denied.

II.     Legal Standard

    Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam)). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981).

///

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the Winter test to obtain a preliminary injunction. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

The injunctive relief an applicant requests must relate to the claims brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief. Id.; see also Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020) (the court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it.").

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

///

///

III. Background

This action proceeds on plaintiff's amended complaint filed on June 10, 2024. (ECF No. 11.) The only named defendant is California State Prison-Sacramento ("CSP-Sac") physical therapist Hunter. (Id. at 2.) Plaintiff alleges that on July 14, 2022, defendant Hunter retaliated against plaintiff for making a comment about defendant Hunter by filing a false rules violation report against plaintiff. (Id. at 2-3.) On June 14, 2024, this Court recommended that this action be dismissed on the grounds that plaintiff failed to state a potentially colorable retaliation claim because plaintiff did not engage in protected speech. (ECF No. 12.) On July 1, 2024, plaintiff filed objections to the June 14, 2024 findings and recommendations. (ECF No. 16.)

On June 26, 2024, plaintiff filed his first motion for injunctive relief. (ECF No. 14.) At the time plaintiff filed this motion, plaintiff was incarcerated at Kern Valley State Prison. (Id. at 1.) On July 1, 2024, this Court recommended that plaintiff's first motion for injunctive relief be denied because plaintiff sought injunctive relief against individuals who are not parties to this action and because the claims raised in plaintiff's motion were unrelated to the claims raised in the amended complaint against defendant Hunter. (ECF No. 15.)

IV. Second Motion for Injunctive Relief

Plaintiff's second motion for injunctive relief reflects that plaintiff is now incarcerated at the R.J. Donovan Correctional Facility in San Diego, California. (ECF No. 17 at 1.) Plaintiff alleges that he was transferred to the R.J. Donovan Correctional Facility without his property and legal materials. (Id.) Plaintiff alleges that being housed without his property and legal materials is a form of torture. (Id.) Plaintiff alleges that prison staff sent plaintiff to R.J. Donovan Correctional Facility hoping that plaintiff would "go suicidal." (Id.) Plaintiff alleges that he suffers from emotional and physical stress. (Id.) As relief, plaintiff requests that the Court order the California Department of Corrections and Rehabilitation Director to stop moving plaintiff without his property and legal materials. (Id. at 2.) Plaintiff also requests an extension of time if there are any pending deadlines. (Id.)

Plaintiff's second motion for injunctive relief seeks an order against the California Department of Corrections and Rehabilitation ("CDCR") Director, who is not a defendant in this

action. The only defendant in this action is defendant Hunter, a physical therapist at CSP-Sac. The Court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith v. Radio Corp. v. Hazeltine Research, 395 U.S. 100, 112 (1969). For this reason, plaintiff's second motion for injunctive relief should be denied. In addition, the claims raised and relief sought in the pending motion are unrelated to the claims raised in the amended complaint against defendant Hunter. For this additional reason, plaintiff's second motion for injunctive relief should be denied.[1] See Queen's Med. Ctr., 810 F.3d at 636. Finally, based on the June 14, 2024 findings and recommendations recommending dismissal of this action, plaintiff's second motion for injunctive relief should be denied because plaintiff fails to demonstrate that he is likely to succeed on the merits of this action.

Based on plaintiff's new address reflected in his second motion for injunctive relief, the Clerk of the Court is directed to amend court records to reflect plaintiff's new address and to re-serve the July 1, 2024 findings and recommendations on plaintiff at this new address. The only pending deadline at the time plaintiff filed his second motion for injunctive relief in this action is the deadline for objections to the July 1, 2024 findings and recommendations regarding plaintiff's first motion for injunctive relief. Plaintiff is granted an additional fourteen (14) days after being served with this order to file written objections to the July 1, 2024 findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for extension of time (ECF No. 17) is granted. Plaintiff is granted an additional fourteen (14) days after being served with this order to file written objections to the July 1, 2024 findings and recommendations;

2. The Clerk of the Court is directed to amend court records to reflect plaintiff's new address at the R.J. Donovan Correctional Facility;

---

[1] The Court notes that in plaintiff's first motion for injunctive relief, plaintiff also sought injunctive relief against the CDCR Director and also raised claims unrelated to the claims in the amended complaint. (ECF No. 14 at 3.) This Court's July 1, 2024 findings and recommendations recommended that plaintiff's first motion for injunctive relief be denied because plaintiff sought injunctive relief against individuals who are not parties to this action and because the claims raised in plaintiff's motion were unrelated to the claims raised in the amended complaint against defendant Hunter. (ECF No. 15.)

3. The Clerk of the Court is directed to re-serve the July 1, 2024 findings and recommendations (ECF No. 15) on plaintiff at his new address; and

IT IS HEREBY RECOMMENDED that plaintiff's second motion for injunctive relief (ECF No. 17) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 10, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Ains1347.inj(2)

2