UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRELL AINSWORTH, | No. 2:24-cv-1347 DAD CSK P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| R. HUNTER, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are defendant Hunter's motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and plaintiff's motion for extension of time. (ECF Nos. 37, 39.) For the following reasons, this Court recommends that defendant Hunter's motion to revoke plaintiff's in forma pauperis status be granted. Plaintiff's motion for extension of time is denied as unnecessary.

## II. LIFTING OF STAY

On February 28, 2025, this Court granted defendant Hunter's motion to opt out of the Post-Screening ADR Project and granted defendant Hunter thirty days to file a response to plaintiff's amended complaint. (ECF No. 36.) On March 21, 2025, defendant Hunter filed the pending motion to revoke plaintiff's in forma pauperis status and a motion to stay this action

1  pending resolution of the motion to revoke plaintiff's in forma pauperis status. (ECF Nos. 37,
2  38.) In the motion to stay, defendant Hunter requested relief from filing a response to plaintiff's
3  amended complaint until resolution of the pending motion to revoke plaintiff's in forma pauperis
4  status. (ECF No. 38.) On March 31, 2025, this Court granted defendant Hunter's motion to stay
5  and ordered that defendant Hunter was relieved from filing a responsive pleading until resolution
6  of the motion to revoke plaintiff's in forma pauperis status. (ECF No. 41.) In granting defendant
7  Hunter's motion to stay, this Court erred in staying this entire action. Accordingly, this Court
8  orders the stay of this action lifted. However, the order relieving defendant Hunter from filing a
9  responsive pleading until the motion to revoke plaintiff's in forma pauperis status is resolved is
10 affirmed.

**III. MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS**

   **A. Three Strikes Rule**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit demonstrating that the person is unable to pay such fees. However, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. "It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or

fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

An inmate who accrues three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022). To demonstrate this nexus, a prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in the complaint and redressable by the court. See id. at 701.

**B. Plaintiff's Prior Strikes**

Defendant Hunter argues that plaintiff has four prior strikes pursuant to 28 U.S.C. § 1915(g). This Court takes judicial notice of the records from the cases cited by defendant Hunter attached as exhibits to the pending motion.[1]

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1    Defendant Hunter first cites Ainsworth v. Frisco, No. 2:18-cv-7682 PSG AGR (C.D.
2 Cal.).  On September 14, 2018, case no. 2:18-cv-7682 was dismissed after the court denied
3 plaintiff's application to proceed in forma pauperis based on the finding that plaintiff's claims
4 were frivolous, malicious or failed to state a claim upon which relief may be granted.  (ECF No.
5 37-2 at 4 (Def. Exhibit A).)  Defendant Hunter next cites Ainsworth v. Batsakis, No. 2:23-cv-
6 1281 PA AGR (C.D. Cal.).  On February 27, 2023, case no. 2:23-cv-1281 was dismissed after the
7 court denied plaintiff's application to proceed in forma pauperis based on the finding that
8 plaintiff's claims were frivolous or malicious or failed to state a claim upon which relief may be
9 granted.  (ECF No. 37-3 at 4-5 (Def. Exhibit B).)  Defendant Hunter next cites Ainsworth v.
10 Macombre, No. 2:23-cv-4263 PA AGR (C.D. Cal.).  On July 24, 2023, case no. 2:23-cv-4263
11 was dismissed after the court denied plaintiff's application to proceed in forma pauperis based on
12 the finding that plaintiff's claims were frivolous or malicious.  (ECF No. 37-4 at 6-7 (Def. Exhibit
13 C).)  Defendant Hunter next cites Ainsworth v. Luna, No. 2:23-cv-4266 PA AGR (C.D. Cal.).  On
14 July 24, 2023, case no. 2:23-cv-4266 was dismissed after the court denied plaintiff's application
15 to proceed in forma paupers based on the finding that plaintiff failed to state a claim upon which
16 relief may be granted.  (ECF No. 37-5 at 5-6 (Def. Exhibit D).)
17    In his opposition, plaintiff does not dispute the cases cited above but claims that most of
18 the dismissals are "currently in front of the Ninth Circuit."  (ECF No. 42 at 2.)  This Court
19 reviewed the docket for the four cases cited above and none of these cases have appeals pending
20 in the Ninth Circuit Court of Appeals.  The only case cited above that plaintiff appealed to the
21 Ninth Circuit was Ainsworth v. Luna, No. 2:23-cv-4266.  On February 13, 2024, the Ninth
22 Circuit dismissed plaintiff's appeal filed in case no. 2:23-cv-4266 for failure to prosecute.
23    The four cases cited above were dismissed prior to plaintiff filing the instant action on
24 May 13, 2024.  (ECF No. 1.)  Accordingly, this Court finds that plaintiff has at least three prior
25 strikes pursuant to 28 U.S.C. § 1915(g).  Plaintiff may only proceed with the instant action if he
26 meets the imminent danger exception to 28 U.S.C. § 1915(g).

4

### C. Imminent Danger Exception

Referring to the claims on which this action proceeds, defendant Hunter argues that plaintiff does not meet the imminent danger exception to the three strikes rule. Plaintiff filed the original complaint on May 13, 2024. (ECF No. 1.) On May 29, 2024, this Court dismissed plaintiff's original complaint with leave to amend. (ECF No. 8.) This action proceeds on plaintiff's amended complaint filed June 10, 2024 against defendant Hunter, employed as a physical therapist at California State Prison-Sacramento ("CSP-Sac"). (ECF No. 11.) Plaintiff alleges that it is widely known among plaintiff's fellow prisoners that defendant Hunter is racist and that she often "writ[es] up" Black inmates for indecent exposure. (Id. at 2.) On July 13, 2022, defendant Hunter asked plaintiff what was in his hands. (Id.) Plaintiff showed defendant Hunter that he was holding a bowl. (Id.) Plaintiff alleges that in making this inquiry defendant Hunter had assumed, and was implying, that plaintiff was masturbating. (Id.) The following day, plaintiff overhead defendant Hunter speaking rudely to a Black inmate. (Id. at 3.) At that time, plaintiff was reminded of defendant Hunter's question posed to plaintiff on the previous day, prompting plaintiff to say to another prisoner that plaintiff "should write [defendant] up for voyeurism." (Id.) Defendant Hunter was within earshot of plaintiff when plaintiff made this statement. (Id.) Defendant Hunter then wrote two false rules violation reports against plaintiff in retaliation for plaintiff's comments. (Id.) Plaintiff also appears to allege that he was put in administrative segregation as a result of defendant Hunter's false rules violation reports, although plaintiff's allegations are somewhat unclear in this regard. (Id.) Finally, plaintiff alleges that he was later found not guilty of both rules violation reports filed by defendant Hunter against him. (Id.) The Court ordered service of plaintiff's claim alleging that defendant Hunter filed false rules violation reports against plaintiff in retaliation for plaintiff's comments that plaintiff "should write [defendant] up for voyeurism." (ECF No. 25.) In the pending motion, defendant Hunter argues that the allegations in the amended complaint regarding the incident occurring on or around July 14, 2022 do not demonstrate that plaintiff suffered an imminent threat of serious injury at the time he filed the instant action on May 13, 2024 because the claims against defendant Hunter do not suggest imminent danger of serious physical injury. Defendant Hunter

1  also observes that at the time plaintiff filed the instant action on May 13, 2024, plaintiff was
2  incarcerated at the California Men's Colony ("CMC") and not CSP-Sac, where the alleged
3  deprivations occurred.

4  In his opposition, plaintiff argues that based on the false charges filed against plaintiff by
5  defendant Hunter, plaintiff was put in administrative segregation, lost privileges and charges were
6  filed against plaintiff.  (ECF No. 42 at 3.)  As a result of defendant Hunter's action, plaintiff was
7  transferred to California State Prison-Corcoran ("CSP-COR") on September 2, 2022 and put in
8  administrative segregation.  (Id.)  At CSP-COR, plaintiff was found with a handcuff key.  (Id.)
9  However, prison staff falsely documented plaintiff as being involved in a sexual assault and as
10 being at risk of being an abuser.  (Id.)  Plaintiff was then labeled as a sex offender.  (Id. at 4.)
11 Plaintiff was then transferred to the R.J. Donovan Correctional Facility ("RJDCF") where
12 informants spread information and tried to kill plaintiff.  (Id.)  Plaintiff also alleges that he meets
13 the imminent danger exception because at the time he filed this action, plaintiff was assaulted
14 while handcuffed and his legs were shackled.  (Id. at 5.)  Attached to plaintiff's opposition as an
15 exhibit is a Classification Committee Chrono for plaintiff.  In relevant part, this chrono states that
16 plaintiff had an "in-cell assault history" and an "incarcerated sexual assault" on January 18, 2023
17 at CSP-COR.  (Id. at 14.)  Plaintiff has handwritten "false" next to these entries in the chrono.
18 (Id.)  The chrono also states that plaintiff had an "incarcerated sexual assault" on September 2,
19 2022 at CSP-COR.  (Id.)  Plaintiff has handwritten "false" next to this entry in the chrono.  (Id.)
20 The chrono also states that plaintiff had an "incarcerated sexual assault" on February 28, 2022 at
21 CSP-Sac.  (Id.)  Plaintiff has handwritten "false" next to this entry.  (Id.)  Based on plaintiff's
22 claim that these entries are false and that he was wrongly labeled as a sex offender, it appears that
23 the Classification Committee Chrono indicates that plaintiff committed the assaults referred to in
24 the Classification Committee Chrono.

25 For the following reasons, this Court finds that plaintiff does not meet the imminent
26 danger exception to Section 1915(g).  The claims on which this action proceeds against defendant
27 Hunter do not demonstrate that plaintiff was under imminent danger of serious physical danger at
28 the time plaintiff filed the complaint on May 13, 2024.  In his opposition, the only danger plaintiff

alleges he suffered at the time he filed the complaint was the alleged assault, apparently occurring at CMC.  However, plaintiff fails to demonstrate that the alleged assault, as well as the other deprivations plaintiff allegedly suffered following his transfer away from CSP-Sac (being falsely labeled as a sex offender, having informants attempt to kill him), which occurred after the incident involving defendant Hunter and at different prisons than CSP-Sac where the incident with defendant Hunter occurred, were fairly traceable to the incident involving defendant Hunter.  To the extent plaintiff claims that he was housed in administrative segregation at the time he filed the instant action, plaintiff fails to demonstrate a nexus between his housing in administrative segregation and the incident involving defendant Hunter, and that the conditions in administrative segregation put plaintiff in imminent danger of serious physical injury.  Also, a favorable legal outcome as to plaintiff's claims against defendant Hunter would not redress the injuries plaintiff allegedly suffered at prisons plaintiff was incarcerated in following his transfer away from CSP-Sac, including CSP-COR, RJDCF and CMC.  For these reasons, this Court finds that plaintiff fails to meet the imminent danger exception to Section 1915(g).  See Miller v. Kubicki, 2020 WL 7753132, at *2 (E.D. Cal. Dec. 29, 2020) (no imminent danger because "the complaint alleges claims based on events that allegedly occurred while plaintiff was incarcerated at [a different prison]" than where he was incarcerated when he filed his complaint); Turner v. Allison, 2019 WL 1230437, at *2 (N.D. Cal. Mar. 15, 2019) ("None of these alleged incidents of excessive force occurred at the prison[] where Plaintiff was incarcerated at the time he filed his complaint…").

### D. Conclusion

For the reasons set forth above, this Court recommends that defendant Hunter's motion to revoke plaintiff's in forma pauperis status be granted and plaintiff be ordered to submit the appropriate filing fee in order to proceed with this action.

## IV. PLAINTIFF'S MOTION FOR EXTENSION OF TIME

On March 24, 2025, plaintiff filed a notice of change of address and motion for extension of time as to any pending deadlines.  (ECF No. 39.)  Plaintiff signed the motion for extension of time on March 17, 2025.  (Id. at 1.)  At the time plaintiff signed the motion for extension of time,

7

1  there were no pending deadlines. On March 31, 2025, plaintiff filed a timely opposition to the
2  pending motion to revoke plaintiff's in forma pauperis status. (ECF No. 42.) Accordingly,
3  plaintiff's motion for extension of time is denied as unnecessary.
4      Accordingly, IT IS HEREBY ORDERED that:
5      1. The stay of this action is lifted;
6      2. Plaintiff's motion for extension of time (ECF No. 39) is denied as unnecessary; and
7      IT IS HEREBY RECOMMENDED that:
8      1. Defendant Hunter's motion to revoke plaintiff's in forma pauperis status (ECF No. 37)
9  be granted; and
10     2. Plaintiff be ordered to pay the $405 filing fee in full within thirty days or face dismissal
11 of this action.
12     These findings and recommendations are submitted to the United States District Judge
13 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
14 after being served with these findings and recommendations, any party may file written
15 objections with the court and serve a copy on all parties. Such a document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
17 objections shall be filed and served within fourteen days after service of the objections. The
18 parties are advised that failure to file objections within the specified time may waive the right to
19 appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21 Dated: April 10, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

25 Ains1347.57/2