UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRELL AINSWORTH,<br><br>            Plaintiff,<br><br>       v.<br><br>R. HUNTER,<br><br>            Defendant. | No.  2:24-cv-01347-DAD-CSK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>(Doc. Nos. 37, 45) |

Plaintiff Tyrell Ainsworth is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 10, 2025, the assigned magistrate judge issued findings and recommendations recommending that defendant R. Hunter's motion to revoke plaintiff's *in forma pauperis* status be granted.  (Doc. No. 45 at 8.)  Specifically, the magistrate judge concluded that plaintiff had previously filed three actions that were dismissed as frivolous, malicious, or for failing to state a claim, and his complaint in this action does not contain allegations demonstrating that he was under imminent danger of serious physical injury at the time of filing the complaint.  (*Id.* at 3–7.)

/////

1

1    The pending findings and recommendations were served on the parties and contained

2    notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at

3    8.)  Plaintiff filed objections to the findings and recommendations on April 21, 2025, and

4    defendant filed a response to these objections on May 2, 2025.  (Doc. Nos. 46, 47.)

5    While somewhat difficult to decipher, plaintiff appears to argue in his objections that the

6    previous dismissal orders in cases he has filed do not count as strikes because they were

7    overturned or due to the fact that he did not receive notice of these cases being dismissed because

8    he was transferred to the Los Angeles County Jail.  (Doc. No. 46 at 2.)  Plaintiff further argues

9    that the allegations of his complaint in this case support his contention of a conspiracy against

10   him that includes actions that caused or will cause him serious physical injury.  (*Id.* at 3–6.)

11   Plaintiff further argues that denying him IFP status in this case would be a miscarriage of justice

12   and a denial of his right to access the courts.  (*Id.* at 6.)

13   In response, defendant argues that plaintiff's objections are based on speculation and

14   misinformation.  (Doc. No. 47 at 3–4.)  Further, defendant contends that requiring plaintiff to pay

15   the filing fee to proceed with this action does not unconstitutionally obstruct his access to the

16   court.  (*Id.* at 4–5.)

17   Upon review of the previous dismissal orders that the magistrate judge found should be

18   counted as strikes, the court finds that none were overturned on appeal.  As for plaintiff's

19   argument that he did not receive notice of these prior dismissal orders because he was being

20   moved to Los Angeles County Jail, inmates who are transferred to different facilities are

21   responsible for updating the court on their new addresses.  Plaintiff's argument that the

22   allegations of his complaint are part of a larger conspiracy against him does not establish a nexus

23   between any imminent danger of serious physical injury and the allegations of his complaint.

24   Finally, the court agrees with defendant that requiring plaintiff to pay the filing fee in order to

25   proceed in this action does not unconstitutionally obstruct access to the court.  *See Rodriguez v.*

26   *Cook*, 169 F.3d 1176, 1179–80 (9th Cir. 1999).

27   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

28   *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's

objections and defendant's response to those objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on April 10, 2025 (Doc. No. 45) are ADOPTED IN FULL;
2. Defendant's motion to revoke plaintiff's *in forma pauperis* status (Doc. No. 37) is GRANTED; and
3. Plaintiff is ordered to pay the $405 filing fee in full within thirty (30) days; and
4. Plaintiff is forewarned that his failure to pay the required filing fee to proceed with this action as ordered will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **November 3, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3