UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRELL AINSWORTH,

Plaintiff,

v.

R. HUNTER,

Defendant.

No. 2:24-cv-01347-DAD-CSK (PC)

ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION OF ORDER REVOKING HIS *IN FORMA PAUPERIS* STATUS AND REQUIRING HIM TO PAY THE FILING FEE TO PROCEED

(Doc. Nos. 54, 57)

Plaintiff Tyrell Ainsworth is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On April 10, 2025, the assigned magistrate judge issued findings and recommendations recommending that defendant R. Hunter's motion to revoke plaintiff's *in forma pauperis* status be granted. (Doc. No. 45 at 8.) Specifically, the magistrate judge concluded that plaintiff had previously filed three actions that were dismissed as frivolous, malicious, or for failing to state a claim, and his complaint in this action does not contain allegations demonstrating that he was under imminent danger of serious physical injury at the time of filing the complaint. (*Id.* at 3–7.) On November 4, 2025, the undersigned adopted the findings and recommendations, granted defendant's motion to revoke plaintiff's IFP status, ordered plaintiff to pay the $405 filing fee in

/////

order to proceed with this action and warned him that his failure to do so would result in the dismissal of this action. (Doc. No. 52.)

On December 15, 2025 and January 15, 2026, plaintiff filed nearly identical motions seeking reconsideration of the court's November 4, 2025 order. As with his objections to the findings and recommendations, plaintiff's motions for reconsideration are somewhat difficult to decipher. Plaintiff appears to challenge the third strike dismissal relied upon by the court (*see* Doc. No. 45 at 4), but provides no clear basis for that challenge. (Doc. Nos. 54 at 2–3; 57 at 2–3.) "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (cleaned up) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Plaintiff's motions for reconsideration make no such showing and the court is not persuaded that reconsideration of its November 4, 2025 order is called for. Out of an abundance of caution, plaintiff will be provided a final opportunity to pay the required filing fee in order to proceed with this action.

Accordingly:

1. Plaintiff's motions for reconsideration (Doc. Nos. 54, 57) are DENIED;
2. Plaintiff is ordered to pay the $405 filing fee in full within thirty (30) days of the date of this order; and
3. Plaintiff is forewarned that his failure to pay the required filing fee to proceed with this action as ordered will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **September 22, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE